2009 Ark. 282

**ARKANSAS DEPARTMENT OF CORRECTION, Appellant,**

v.

**Frank WILLIAMS, Jr., Appellee.**

No. 08–1031.

Supreme Court of Arkansas.

May 14, 2009.

Jenniffer Horan, Federal Public Defender, by Julie Brain, Little Rock, and Josh Lee, for appellant.

Dustin McDaniel, Attorney General, by C. Joseph Cordi, Jr., Assistant Attorney General, for appellee.

PER CURIAM.

Pending before this court are two motions—a Motion to Dismiss Lawsuit filed by appellant Arkansas Department of Correction ("Department") and a Motion for Supplemental Briefing filed by appellee Frank Williams, Jr. Both motions are filed in connection with the Department's appeal of the circuit judge's order granting Williams partial declaratory summary judgment, dated August 28, 2008. The circuit judge's order concluded that the Department's Administrative Directive, AD08–28, is subject to the Administrative Procedure Act and that as of the present date it is not valid and may not be invoked by the Department for any purpose against Williams. The circuit judge denied the Department's motion for summary judgment on the same issue. The Department appealed the circuit judge's orders.

Subsequent to the orders, the General Assembly enacted Act 1296 of 2009, which purports to resolve the issues present in the instant appeal. Act 1296 became effective April 13, 2009.

Briefing in this appeal has been completed, but it was done before the effective date of Act 1296. Oral argument is set before this court for May 28, 2009. The Department now contends that Act 1296 renders the instant appeal moot and moves to dismiss this appeal. We do not consider that motion at this juncture and hold it in abeyance until this case is submitted for decision.

We agree with Williams that an opportunity for supplemental briefing on the effect of Act 1296 should be afforded the parties in this case. Accordingly, we grant Williams's motion on this point and continue the oral argument in this matter until supplemental briefing is complete and the clerk of this court has set a new date for oral argument.

We ask the parties to brief the following questions for purposes of this appeal, in addition to any other issues pertinent to Act 1296:

1. Does the enactment of Act 1296 resolve the issues facing this court in the instant appeal so as to render these issues moot?

2. If the answer to issue one is in the affirmative, may Act 1296 be applied to Williams's sentence and execution, when the sentence was entered, and the execution date was set, before the effective date of Act 1296?

3. If the answer to question one is in the affirmative, must this court further decide whether to vacate the circuit judge's injunction?

We direct the clerk of this court to set the briefing schedule for this supplemental briefing with simultaneous briefs due from the parties thirty days from the date of this per curiam and simultaneous reply briefs due fifteen days thereafter. We further direct the clerk of this court to reset oral argument for a time after the supplemental briefing is completed.

WILLS, J., not participating.

Special Justice STUART JACKSON joins.